UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22CR2823-BAS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| STEVEN BIGELOW (1), | |
| Defendant. | |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title, and interest in specific properties of Defendant STEVEN BIGELOW, ("Defendant"), pursuant to Title 21, United States Code, Sections 853 (a)(1) and 853 (a)(2) as properties constituting or derived from proceeds of the offense and as properties used to commit or to facilitate the commission of the offense set forth in Counts 1-4 of the Indictment which allege violations of Title 21, United States Code, Sections 952 and 960 and Title 18, United States Code, Section 2; and,

WHEREAS, on or about March 7, 2023, Defendant pled guilty before Magistrate Judge Allison H. Goddard to the offense set forth in Count 1 of the Indictment, charging the defendant with Importation of Methamphetamine in violation of Title 21, United States Code, Sections 952 and 960 and Title 18, United States Code, Section 2, consented to the forfeiture allegations, and agreed pursuant to Title 21, United States Code, Sections 853

(a)(1) and 853 (a)(2) to forfeit all properties seized in connection with this case including but not limited to the following:

    a. $5,536.00 U.S. Currency;
    b. One (1) Silver HP Laptop;
    c. One (1) Purple iPhone;
    d. One (1) Black Samsung Phone;
    e. One (1) Silver Microsoft Tablet;
    f. One (1) Red Amazon Tablet;
    g. One (1) Tile Tracker; and

WHEREAS, on, March 23, 2023, this Court accepted the guilty plea of Defendant and

On April 29, 2024, the United States agreed to return following properties to Defendant, GINA PENDERGRAPH,

    h. Jewelry, specifically, a Cartier Watch;

On April 29, 2024, the following properties were returned to Defendant, STEVEN BIGELOW,:

    b.    One (1) Silver HP Laptop;
    d.    One (1) Black Samsung Phone;

WHEREAS, by virtue of the facts set forth in the plea agreement, the Court finds that the United States has established the requisite nexus between the specific properties and the offense of conviction; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the specific properties, pursuant to Title 21, United States Code, Sections 853 (a)(1) and 853 (a)(2) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant STEVEN BIGELOW to Count 1 of the Indictment, the United States is hereby authorized to take custody and control of the specific properties, and all right, title and interest of Defendant STEVEN BIGELOW in the specific properties are hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853 (a)(1) and 853 (a)(2) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   a. $5,536.00 U.S. Currency;
   c. One (1) Purple iPhone;
   d. One (1) Black Samsung Phone;
   e. One (1) Silver Microsoft Tablet;
   f. One (1) Red Amazon Tablet;
   g. One (1) Tile Tracker;

2. The aforementioned forfeited asset is to be held by the Homeland Security Investigation ("HSI') or the Bureau of Immigration & Customs Enforcement ("ICE") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may

direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited Currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

**IT IS SO ORDERED.**

DATED: 5/7/24

Honorable Cynthia Bashant
United States District Judge